## JENNESS & a. *vs.* PECK & a.

*The object of a repleader is to enable the parties to substitute a good issue for a bad one; and it will not be awarded on motion after the pleading is filed, nor after a demurrer, but only after issue joined.*

ASSUMPSIT for goods, wares and merchandize sold and delivered, and for money had and received.

The defendants, at the October term, 1843, severally pleaded a discharge in bankruptcy, decreed and allowed in the district court for the district of New-Hampshire on the 21st day of June, 1843, on their petition.

The plaintiffs replied that before any act of bankruptcy committed, and before the petition of the defendants, to wit, on the 8th day of October, 1842, the plaintiffs sued out their writ, and on the 10th day of said October caused the same to be served by an attachment of divers goods and chattels of the defendants, which were set forth; and that the defendants, on the 31st day of December, 1842, were duly summoned to answer to the action: Wherefore the plaintiffs prayed judgment for their damages, and costs, to be levied of the said goods and chattels.

The defendants rejoined, that at the district court for said district, on the 15th day of January, 1844, upon the petition of Aaron P. Howland, the assignee of the defendants, it was ordered and decreed that said property should be delivered to said assignee, which decree is still in full force, and has been duly served upon the deputy sheriff who attached the property, and that by reason of said decree he could not hold the property to be levied upon in this suit.

The plaintiffs moved the court to direct a repleader by the defendants, on the ground that the issue tendered by the rejoinder is immaterial.

*Goodrich,* of Mass., (with whom was *Chamberlain,*) for the plaintiffs. The rejoinder is that Howland, a stranger to these proceedings, since the attachment relied on by the plaintiffs, instituted a suit against the sheriff for the property attached, and has procured an order that he is entitled thereto.

Jenness *v*. Peck.

Or it must be considered as an averment that the defendants, since the commencement of this suit, assigned the property attached to Howland.

Considered as the one or the other, it presents an immaterial issue.

The plaintiffs have a right to take issue upon the matter thus alleged, and if found for or against them, if the issue be immaterial, would be entitled to move for a judgment as upon a confession, without regard to the finding upon the issue.

If we are correct in this position, as to the right of the plaintiffs, why should they be put to the expense and delay of a trial which cannot avail any party? It cannot avail the plaintiffs, because, if the issue be immaterial, they cannot with safety take judgment upon a finding in their favor, but must move for judgment as upon confession. Reason and principle are entirely in favor of the plaintiffs' motion, and if resisted it must be upon arbitrary principles of practice, which cannot be disregarded although unsound. If such rules of practice do exist, the defendants must have the benefit of them. We submit that such is not the fact. The science of pleading should not and does not exhibit such absurdity.

Suppose the rejoinder had averred that the sheriff had given away or wasted the property, so that he could not levy upon it. Such a fact would be immaterial, and the plaintiffs ought not to be put to delay or expense to try the matter. How far shall a party be allowed to go? May he plead any, the most absurd proposition which his ingenuity can devise? The limit must be that the party shall plead something which may in some event be decisive of the issue. If, on the face of the rejoinder, without reference to form, it is clearly immaterial, and cannot avail the party pleading it in any event, then such plea is an abuse of the rights of the plaintiffs, and of the rules of pleading, which should not receive the sanction or permission of the court.

It is no answer to say that the plaintiffs may demur. They have a right to take issue at their election. If this motion is denied, they are compelled to demur or take issue upon an impertinent or immaterial matter. 1 *Chitty's Pl.* 655, 656. In

*Staple* vs. *Hayden*, 2 *Salk.* 519, it was laid down that at common law a repleader was allowed before trial, because a verdict did not cure an immaterial issue; but now a repleader ought not to be allowed until after trial in any case where the fault of the issue might be helped after verdict by the statute of *jeofails*. *Ibid., note x.* But where the point in issue is altogether immaterial, and would not be modified by the verdict, because collateral to the merits, it would be otherwise. 2 *Saund.* 319, *b*, *note* 6. Speaking of the case of *Staple* vs. *Hayden*, the author says, " in the above case, the use of the word *immaterial* is a mistake, that before the statute of *jeofails* a verdict did not cure either an informal or an immaterial issue, and therefore a repleader was awarded before trial, because the trial would not have any effect upon the issue, and therefore the court will not interfere until the result of the trial is seen, which may render a motion for a repleader unnecessary." 3 *Johns.* 541, *Falls* vs. *Stickney.* " If a plea is bad or frivolous, the plaintiff ought either to demur to it, or treat it as a nullity, and enter a default without any application to the court." 5 *Hill* 178; 4 *Hill* 56; 1 *Chitty* 541. " There are many instances in which a plea may be so manifestly and palpably untrue, that the court will assume that it is so, or will, on affidavit that it is false, permit the plaintiff to sign judgment as for want of a plea, and make the defendant or his attorney pay the costs. Although in these cases it is prudent to obtain the prior sanction of the court, yet it seems that the plaintiff may in general sign judgment without such prior authority." 1 *Chitty's Pl.* 577, *Replication, cap.* 8. Before the plaintiff replies or demurs to the plea, he should consider whether or not he may treat it as a nullity, and sign judgment with or without leave of the court, as on account of the plea being such a description of sham plea that the court will not permit it to be pleaded, or as being totally inappropriate to the form of action.

If several pleas be pleaded, it will be material to consider whether some of them be not so wholly inconsistent with the rest, that the court will, on application, restrain the defendant from pleading all of them.

Jenness *v.* Peck.

In conclusion, we cannot see the difference between a sham plea and a sham rejoinder.

*Hamderson,* and *Edwards,* for the defendants.

GILCHRIST, J.   In this case, the defendants have pleaded a discharge in bankruptcy.   To this the plaintiffs reply, that before the proceedings in bankruptcy were commenced, they attached the property of the defendants, and that they were duly summoned to answer to the action.   The defendants rejoin, that the district court have decreed that the property should be delivered to the assignee; that this decree has been served on the deputy sheriff who attached the property, and therefore that he could not hold the property to be levied upon in this suit.   This rejoinder, the plaintiffs contend, tenders an immaterial issue, and for this reason they move the court to direct a repleader.

No issue, either of law or of fact, has been joined between the parties.   Where one of the parties, passing by what is material in the adverse pleading, tenders an issue upon a point which is not so, and obtains a verdict, the judgment must, according to the general rule, be arrested.   In such cases, where the only fault is in the issue, the court on arresting the judgment will award a repleader, in order that a better issue may be framed.   3 *Saund.* 319, *c, note* 6, *Bennett* vs. *Holbeck.*   The main object of awarding it is to enable the parties to substitute a good issue for a bad one.   It can properly be awarded only after an issue in fact joined and tried.   In *Wilts* vs. *Polehampton,* 3 *Salk.* 306, it is said that it has often been ruled that a repleader can never be awarded after a demurrer, nor after a writ of error, but only after issue joined.   Nor can it be awarded where the defendant makes default at *nisi prius,* because he is then out of court.   *Staple* vs. *Heydon,* 2 *Ld. Raym.* 922.   At common law a repleader was allowed before trial, because a verdict did not cure an immaterial issue; but now a repleader ought never to be allowed till trial, because the fault of the issue may be helped after verdict, by the statute of jeofails.   *Ibid.*   The verdict may possibly cure the fault in the pleadings, and thus

supersede the necessity of repleading; and this point the court will not generally decide by anticipation, but will await the finding of the jury. *Gould on Pl., cap.* 10, § 49. It is also laid down in a recent case to be a clear rule, that the court will not grant a repleader except where complete justice cannot be answered without it. *Goodburne* vs. *Bowman,* 9 *Bing.* 532 ; *Symmers* vs. *The King, Cowp.* 510. Numerous cases are found where a repleader has been awarded or refused. *Com. Dig., Pleading, R,* 18. But in none of them has the question arisen on motion. Until the pleadings are closed, and it appears what will be their termination, the court cannot interfere. Perhaps the party will demur. If so, that will settle the legal rights of the parties.

<div align="right">

*Motion denied.*